**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

FEI FEI FAN,

Plaintiff,

v.

YAN YAO JIANG, *et al.*,

Defendants.

Case No. 3:21-CV-00458-ART-CLB

**ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SPOLIATION SANCTIONS**

[ECF Nos. 40, 41]

This case involves a civil action filed by Plaintiff Fei Fei Fan ("Fan") against Defendants Yan Yao Jiang ("Jiang") and Wei Wu ("Wu") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion to compel and motion for spoliation sanctions. (ECF Nos. 40, 41.) Fan responded, (ECF Nos. 47, 48), and Defendants replied. (ECF Nos. 49, 50.) For the reasons stated below, Defendants' motion to compel, (ECF No. 40), is granted, and the motion for spoliation sanctions, (ECF No. 41), is denied.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    **A.    Factual Background**

Fan filed a complaint against Defendants on October 25, 2021, alleging claims for sex trafficking, forced labor, and trafficking in servitude against Jiang, and intentional infliction of emotional distress ("IIED"), trespassing, and assault claims against Wu. (ECF No. 1.) The complaint alleges that Jiang recruited Fan from China to study at the University of Nevada, Reno ("UNR"), where Jiang is a professor. (*Id.*) Fan alleges, among many other claims, that Jiang used his position to force Fan to have sex with him without her consent. (*Id.*) Fan alleges that she believed that if she withheld sex from Jiang, Fan would suffer harm and damage on her visa, schooling prospects, stipend, degree, and employment. (*Id.* at 14.) Fan also alleges claims against Wu, Jiang's wife. Wu and Jiang deny all allegations and allege that Fan is bringing the lawsuit as part of

1  an ongoing threat by Fan to hurt and humiliate Defendants. (ECF No. 40 at 2.)

2  **B.    Discovery Process**

3  On May 12, 2022, the Court held a case management conference ("CMC") with

4  the parties. (ECF No. 29.) Following the CMC, the Court entered a scheduling order,

5  requiring discovery to be completed by April 7, 2023. (ECF No. 31.) Defendants sent

6  their first discovery requests in July of 2022. (ECF No. 40 at 2.) On August 16, 2022, the

7  Court conducted another CMC. (ECF No. 36.) The Court noted counsel for Fan, Mr.

8  Cann, failed to comply with the Court's order and file a case management report prior to

9  the CMC. (*Id.*) The Court advised Mr. Cann that the Court expects orders of the Court to

10  be followed and failure to do so in the future may result in sanctions. (*Id.*)[1] The Court

11  and counsel additionally discussed the issue of outstanding responsive documents from

12  Fan as to Wu and the issue of spoliation of evidence as outlined in the Defendants'

13  case management reports. (*Id.* at 2.) Regarding the spoliation issue, the Court directed

14  that Fan locate and retrieve the information that was deleted in 2020. (*Id.*)

15  On August 25, 2022, the parties participated in a telephonic meet-and-confer.

16  (ECF No. 40 at 3.) During the call, Defendants raised concerns with Fan's responses to

17  the discovery requests and Fan agreed to provide follow-up responses in one week.

18  (*Id.*) Defendants sent an email to Fan on the same day outlining what the group

19  discussed during the call, including specific discovery issues. (ECF Nos. 40-11, 40-12.)

20  On September 1, 2022, Fan asked for another week to provide the documents, a

21  request she reiterated on September 9, 2022. (ECF Nos. 40-13, 40-14.) This was

22  repeated on September 16, 2022. (ECF No. 40-14.)

23  On September 19, 2022, Wu emailed to ask for the requested documents as no

24  discovery had been provided since the meet-and-confer. (*Id.*) On September 29, 2022,

25  Wu sent another email stating that, if no discovery was provided within five business

26  _____

27  [1]    The Court will offer no further warnings to Mr. Cann regarding the expectation that he follows orders of the Court. Mr. Cann's next failure to follow an order of the Court will result in an order to show cause why he should not be sanctioned.

28

days, or by October 6, 2022, Wu would be filing a motion to compel. (*Id.*) On the same day, Jiang sent a similar email. (ECF No. 40-15.) Fan did not respond until October 21, 2022, when she provided a brief update and promised that the revised responses would be provided by Wednesday, October 26, 2022. (ECF No. 40-17 at 3.) Wu responded that she would wait until Monday morning for the responses and that if none were forthcoming, she would file a motion to compel. (*Id.* at 3.) On October 21, 2022, Fan replied that she could meet the Monday deadline. (*Id* at 2.) On Monday, October 24, 2022, Fan emailed to say she could not comply with the morning deadline but would provide the documents by 5:00 p.m. (*Id.*) Defendants then filed the instant motion to compel and motion for spoliation sanctions on October 24, 2022. (ECF Nos. 40, 41.)

## II.    LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses

are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

If the motion to compel is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

///

///

///

III.    **DISCUSSION**

A.    **Requests for Production ("RFP")**

Defendants take issue with Fan's responses to Jiang's RFP Nos. 9, 24, 25, 26, and 27 and Wu's RFP Nos. 10 and 12. Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production], . . . accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Womack v. Gibbons*, No. 1:19-cv-00615-AWI-SAB-PC, 2021 WL 1734809, at *2 (E.D. Cal. May 3, 2021) (citing *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Failure to object to requests for production of documents within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The Court will address each disputed RFP in turn.

1.    **Jiang's RFP No. 9**

| RFP No. | Request for Production |
|---|---|
| 9 | Produce all medical records, including psychiatric or other mental health care records, that support Your allegation in Paragraph 102, 110, and 115 of the Complaint that You suffered "severe emotional distress." |
| Response | After a diligent search and reasonable inquiry, Plaintiff does not have any documents in her possession and control that are response to Request No. 9. Medical records can be ordered from UNR Mountain Employee Assistance Program and UNR Family Medical Center, and Plaintiff is in the process of reaching out to recover records and any additional records recovered will be disclosed with Defendants through an update to this and other discovery request. |

(ECF No. 40 at 6.)

Jiang argues that there is simply no reason for Fan to continue not to produce, or perhaps withhold, the medical records that are, without question, relevant to her sixth claim for relief for IIED against both Jiang and Wu in the Complaint. (*Id.*) Fan argues

that she is not withholding documents because she does not have them in her possession or control. (ECF No. 47 at 2.)

Under Fed. R. Civ. P. 34(a), parties may request from an opposing party documents "which are in the possession, custody, or control of the party upon whom the request is served." Rule 34 "control" does not require a party to have legal ownership or actual physical possession of any documents at issue. *In re NTL, Inc. Securities Litigation*, 244 F.R.D. at 181. Instead, documents are considered to be under a party's control when that party has "the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.* (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146–47 (S.D.N.Y. 1997)); *see also, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. at 180; *Exp.-Imp. Bank of the United States v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 341 (S.D.N.Y. 2005); *Dietrich v. Bauer*, 2000 WL 1171132 at *3 ("'Control' has been construed broadly by the courts as the legal right, authority or practical ability to obtain the materials sought upon demand."); *In re NASDAQ Market–Makers Antitrust Litig.*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996); *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992) (The courts have "interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.").

With regard to medical records, Fan has the right and authority to request her own records. Therefore, Fan is ordered to provide the requested documents within 14 days of this order. The supplemental answers must provide any documents located. If no documents can be located, Fan must provide a detailed declaration explaining the search she conducted with sufficient specificity to allow the Court to determine whether a reasonable search was performed. *Cf. V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366-67 (D. Nev. 2019). In addition, her supplemental responses must contain proper verifications.

///

### 2.    Jiang's RFP Nos. 24, 25, 26

| RFP No. | Request for Production |
|---|---|
| **24** | Produce all documents relating to Your purchase of firearms. |
| **Response** | All purchases were made at Reno Gun & Range. After a diligent search and reasonable inquiry, Plaintiff cannot find records of her purchases or practice sessions, and she does not have records of the date of purchase or practice sessions. Reno Gun & Range is likely to have records of Plaintiff's purchases and practice sessions. A diligent search and reasonable inquiry have been made in an effort to comply with this demand. |
| **25** | Produce all documents relating to Your practice shooting firearms, including but not limited to all firing or shooting range records, as well as records of any instruction You may have received. |
| **Response** | All practice sessions occurred at Reno Gun & Range under the supervision of staff tutors. After a diligent search and reasonable inquiry, Plaintiff cannot find records of her purchases or practice sessions, and she does not have records of the date of her practice sessions. Reno Gun & Range is likely to have records of Plaintiff's practice sessions. A diligent search and reasonable inquiry have been made in an effort to comply with this demand. |
| **26** | Produce all documents relating to Your purchase of bullets, including but not limited to hollow-point bullets. |
| **Response** | Plaintiff objects to Request for Production No. 26 because it is not relevant to the issues in this litigation. Plaintiff admits to legally owning and possessing firearms. There is no allegation or counterclaim that Plaintiff has used her firearms improperly or illegally. The existence or quantity of a subset of Plaintiff's legally purchased ammunition for a legally purchased firearm is not at issue in the litigation and therefore Request for Production No. 26 is not relevant. |

(ECF No. 40 at 6-7.)

As to RFP Nos. 24 and 25, Fan states that she did not withhold any documents and was not in possession of records responsive to either request. (ECF No. 47 at 2.) In the time since Fan's original response, Fan has discovered access to an online account with the Reno Gun & Range, and Fan is currently in the process of providing to Defendants screenshots of the online account showing firearm purchases. (*Id.*) Here, Fan agrees she was required to give Defendants the screenshots of the online account. Fan has 14 days from this order to produce the screenshots.

Fan does not address RFP No. 26 and therefore provides no objection to the motion to compel. As such, Defendants' motion to compel as to RFP No. 26 is granted and Fan is ordered to provide the documents responsive to the RFP. Fan is reminded that she is required to provide an explanation of the search she conducted with sufficient specificity to allow the Court to determine whether a reasonable search was performed. *Cf. V5 Techs.*, 332 F.R.D. at 366-67. Fan is also reminded that the standard for discoverable information and documents is not restricted to admissible evidence. Fed. R. Civ. P Rule 26 Advisory Committee Notes (2015 Amendment) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.")

### 3.    Jiang's RFP No. 27

| RFP No. | Request for Production |
|---------|------------------------|
| **27** | Produce all documents relating to or reflecting all contact information for Zhi Zeng. |
| **Response** | Plaintiff objects to Request for Production No. 27 because it is not relevant to the issues in this litigation. |

(ECF No. 40 at 8.)

Defendants believe Zhi Zeng was Fan's boyfriend during relevant times alleged in the Complaint. (*Id.*) In this case, Fan alleges that she was "brainwashed" into believing that Jiang was the only person in the United States who cared for her, and that she was "trauma bonded" to him, during relevant times. (*Id.*) Thus, communications with him are relevant and may lead to the discovery of admissible evidence related to Jiang's possible defenses and counterclaims. Defendants further argue that if Zhi Zeng was Fan's boyfriend during relevant times—a fact that Fan does not deny—he is an important witness, and Jiang has a right to discover contact information about Zhi Zeng for further discovery, including but not limited to serving a subpoena duces tecum on and scheduling the deposition of Zhi Zeng. (*Id.*)

In response, Fan asserts that any communication or documents related to Zhi Zeng are not admissible. (ECF No. 47 at 2.) However, in her response, Fan explains she revised her response to RFP No. 27 and will provide Defendants with the last

8

known contact information for Zhi Zeng but maintains that any communications or documents related to Zhi Zheng are inadmissible. (*Id.*)

Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund*, 437 U.S. at 351 (citation omitted). Based on Defendants' arguments, the relevancy standard is met. As to Fan's argument that the information requested is not admissible, Fan is reminded that the standard for discovery is *not* whether the information requested is admissible. Therefore, Fan is ordered to provide documents responsive to RFP No. 27, including *but not limited to*, the last known contact information for Zhi Zheng, within 14 days of this order.

### 4.   Wu's RFP No. 10

| RFP No. | Request for Production |
|---------|------------------------|
| **10** | Produce the residential lease that governed Your residency in the apartment You lived in on May 12, 2020. |
| **Response** | Plaintiff is unable to comply with Request No. 10 because Plaintiff does not have an original or a copy of the residential lease for the apartment at 2475 Robb Drive, Apt 1633, Reno NV 89523. Plaintiff has made a request to the Manzanita Gate Apartment leasing office for a copy of the least [sic], but Plaintiff has not yet been able to obtain a copy of the lease from the Manzanita Gate Apartment leasing office. A diligent search and reasonable inquiry have been made in an effort to comply with this demand. |

(ECF No. 40 at 17.)

Fan argues that she did not withhold the residential lease because she does not have it in her possession. (ECF No. 47 at 3.) She explains in her response to the motion to compel that she made a request to the Manzanita Gate Apartment leasing office and received a response stating that they are under a new management company and do not have access to Fan's lease. (*Id.*) To the extent that this information was not provided to Wu, Fan is now ordered to provide a detailed declaration explaining the search she conducted with sufficient specificity to allow the Court to determine whether a reasonable search was performed. *Cf. V5 Techs.*, 332 F.R.D. at 366-67.

### 5.    Wu's RFP No. 12

| RFP No. | Request for Production |
|---------|------------------------|
| **12** | Produce all medical records, including psychiatric or other mental health care records, that support Your contentions in Paragraphs 102, 110, and 115 of the Complaint that You suffered severe emotional distress. |
| **Response** | Plaintiff is unable to comply with Request No. 12 because Plaintiff does not have copies of the relevant medical documents. A diligent search and reasonable inquiry have been made in an effort to comply with this demand. Plaintiff's medical records may, through information and belief, be ordered from service providers including UNR Mountain Employee Assistance Program and UNR Family Medical Center. Plaintiff will seek additional records through the discovery process and will update Plaintiff's answer to Request No. 12 when such additional records are in Plaintiff's procession [sic] and/or when such records become available to Plaintiff. |

(ECF No. 40 at 17.)

This RFP is almost identical to Jiang's RFP No. 9. Therefore, Fan is ordered to provide the same documents or detailed declaration to Wu as those described in Section III(A)(1).

### B.    Requests for Admission ("RFA")

Next, Defendants identify four categories of RFAs to which Fan allegedly insufficiently responded. Specifically, Defendants object to Fan's responses to RFA Nos. 3, 5, 35, 36, 37, 38, 39, 40, 43, 44, 45, and 46. The full text and responses to these interrogatories are as follows:

| RFA No. | Request for Admission |
|---------|------------------------|
| **3** | Admit that, one or more times between 2006 and 2019, You expressed or indicated Your consent to a sexual relationship with Jiang. |
| **Response** | Denied because of the word "relationship." |

| RFA No. | Request for Admission |
|---------|------------------------|
| **5** | Admit that, between 2006 and 2020, You had sex (vaginal, oral, or otherwise) with one or more persons other than Jiang. |
| **Response** | Plaintiff objects to this request because it not relevant to the issues in this litigation. |

10

| RFA No. | Request for Admission |
|---|---|
| 35 | Admit that, at any time between July 2015 to October 2019, You had a boyfriend. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 36 | Admit that, at any time between July 2015 to October 2019, Zhi Zeng was Your boyfriend. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 37 | Admit that, at any time between July 2015 to October 2019, You had a sexual relationship with Zhi Zeng. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 38 | Admit that, at any time between July 2015 to October 2019, You and Zhi Zeng traveled together to Hawaii and Yellow Stone. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 39 | Admit that, at any time between July 2015 to October 2019, You traveled to meet Zhi Zeng at his residence. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 40 | Admit that, at any time between July 2015 and October 2019, Zhi Zeng visited You and stayed with You in Reno, Nevada. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |

| RFA No. | Request for Admission |
|---|---|
| 43 | Admit that, between November 2019 and April 2021, You used WeChat as one method to communicate with Dr. Qin Yu. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 44 | Admit that, between November 2019 and April 2021, You used WeChat as one method to communicate with Jixi Zhang. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 45 | Admit that, between November 2019 and April 2021, You used WeChat as one method to communicate with Dr. Fei Ding. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |
| 46 | Admit that, between November 2019 and April 2021, You used WeChat as one method to communicate with Dr. Miaolin Feng. |
| Response | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |

1    (ECF No. 40 at 10.)

2        Fan addresses the RFAs generally but does not address each RFA individually.

3    (ECF No. 47 at 2.) Fan asserts that she submitted a revised set of responses to which

4    Defendants have not responded. (*Id.*) However, Defendants' reply brief states that the

5    revised RFAs were not delivered to Defendants until one day after the motion to compel

6    was filed. (ECF No. 49 at 2.)

7        To the extent that Fan's revised RFAs are incomplete and do not properly

8    respond to all RFAs noted in Defendants' motion to compel and listed above[2], Fan is

9    ordered to provide proper responses to RFA Nos. 3, 5, 35, 36, 37, 38, 39, 40, 43, 44,

10   45, and 46 within 14 days of this order.

11       **C.    Interrogatories**

12       Next, Defendants take issue with Fan's responses to Interrogatory Nos. 2, 3, 4,

13   5, 6, 7, 9, 11, 12, and 17. A party may propound interrogatories related to any matter

14   that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P.

15   33(a)(2). A party is obligated to respond to the fullest extent possible in writing under

16   oath, and the response must be signed by the answering party. Fed. R. Civ. P. 33(b)(3),

17   (5). An interrogatory is not objectionable merely because it asks for an opinion or

18   contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2).

19   However, if an interrogatory is objectionable, the objection must be stated with

20   specificity. Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.

21   1981). A district court has broad discretion in deciding whether to require answers to

22   interrogatories. See 8B Wright & Miller, Federal Practice and Procedure § 2176 (3d ed.

23

24   [2]    Given the examples of Fan's responses to Defendants' RFAs, the Court reminds
     Fan of her responsibility in responding to discovery requests. The party resisting

25   discovery "'must specifically detail the reasons why each request is irrelevant' [or
     otherwise objectionable,] and *may not rely on boilerplate, generalized, conclusory, or*

26   *speculative arguments*." *F.T.C.*, 291 F.R.D. at 553 (citations omitted) (emphasis added).
     Arguments against discovery must be supported by specific examples and articulated

27   reasoning. *U.S. E.E.O.C.*, 237 F.R.D. at 432. Responding to each RFA with the same
     boilerplate argument is <u>not</u> sufficient.

28

2021).

A responding party is not generally required to conduct extensive research to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007). This does require that the responding party must conduct a search for relevant information and must answer interrogatories after a diligent search. *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193-94 (D. Nev. 2010). Thus, a responding party "cannot limit its interrogatory answers to matters within its own knowledge and ignore information immediately available to it or under its control". *Id.*

When a dispute arises out of the completeness of a search undertaken, particularly when there is an absence of information that would have been expected to be included, the responding party "must come forward with an explanation of the search conducted with 'sufficient specificity to allow the Court to determine whether a reasonable search'" was performed. *Cf. V5 Techs*, 332 F.R.D. at 366-67.

The Court will address each disputed interrogatory in turn.

### 1. Interrogatory No. 2

| Interrogatory No. | Interrogatory |
|---|---|
| **2** | If Your response to Request for Admission Nos. 2, 3, and 4 is anything other than an unqualified denial, please identify and describe, with particularity, the date(s) or date range(s) (a) when Your sexual relationship with Jiang was consensual, (b) when You expressed or indicated Your consent to a sexual relationship with Jiang, and (c) when You did not express or indicate Your non-consent to a sexual relationship with Jiang. |
| **Response** | Request for Admission No. 2 and Request for Admission No. 4 were denied. Request for Admission No. 3 was denied because at no time was there a "sexual relationship". There were sex acts performed under coercion, which is not a "sexual relationship" because it is not a relationship. |

(ECF No. 40 at 11.)

Defendants argue that Interrogatory No. 2 merely asks Fan to make clear if there were any sex acts, at any time, that she considered consensual and that it would be easy to clarify the same in writing, and there is no excuse for her failure to do so. (*Id.*)

Fan states that she has provided a revised set of responses to Defendants' RFAs, which included a change of response for Interrogatory No. 2. (ECF No. 37 at 2.) As mentioned above, the revised RFAs were not delivered to Defendants until after the motion to compel was filed. (ECF No. 39 at 2.) Therefore, Fan is ordered to fully respond to Interrogatory No. 2 in writing, under oath, as required by Fed. R. Civ. P. 33(b)(3), within 14 days of this order.

### 2.     Interrogatory No. 3

| Interrogatory No. | Interrogatory |
|---|---|
| **3** | If Your response to Request for Admission No. 5 is anything other than an unqualified denial, please identify, with particularity, each person other than Jiang with whom You had sex, the nature of the sex or sexual relationship with each, the frequency of the same, the location(s) of the same, and the approximate date(s) or date range(s) of the same. |
| **Response** | As stated in Request for Admission No. 5, Plaintiff objects to this request because it is not relevant to the issues in this litigation. |

(ECF No. 40 at 12.)

Defendants argue Fan's objection on revelence grounds is improper. Defendants assert that a party may dispute the ultimate admissibility of her other sexual partners during relevant times, but she cannot dispute their relevance, since they make her allegations of effectively being Jiang's sex slave less probable and the information may lead to other evidence that is relevant to Jiang's possible defenses and counterclaims. (*Id.*) As discussed above, relevance for discovery is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund*, 437 U.S. at 351 (citation omitted). The information requested in Interrogatory No. 3 meets the relevance standard and therefore Fan is ordered to properly respond to this interrogatory within 14 days of the date of this order.

///

///

3.   **Interrogatory Nos. 4, 5, 6, 7.**

| Interrogatory No. | Interrogatory |
| --- | --- |
| **4** | If Your response to Request for Admission No. 6 is anything other than an unqualified denial, please identify and describe, with particularity, each firearm that You have purchased, its make and model, the date of purchase, the reason for purchase, the seller/vendor, where the firearm is located/stored, and how often and for what purpose the firearm is used and by whom. |
| **Response** | Plaintiff objects to providing a precise listing of the firearms that she owns. Plaintiff has admitted to owning one or more firearms. The exact make and model of her legally acquired, and legally possessed, firearms is not relevant to any issue in this litigation. All purchases were made at Reno Gun & Range. After a diligent search effort, I cannot find records of my purchases or practice sessions, and I do not have records of the date of purchases or practice sessions. Reno Gun & Range is likely to have records of my purchases and practice sessions. The reason for my firearms purchases were for personal proception [sic] and home defense. All my firearms are located and stored in their original boxes and are currently in my vehicle, as far as I know. I am moving and have not found an apartment yet and I have not been bringing my firearms into hotel rooms. I have not been checking regularly on my firearms in their boxes (in my vehicle), but I assume they are still there at this moment. |
| **5** | If Your response to Request for Admission No. 7 is anything other than an unqualified denial, please identify and describe, with particularity, each firearm in the custody, control, or possession of You or Your agent, its make and model, how and when it came into the custody, control, or possession of You or Your agent, the reason for the same, where the firearm is located/stored, and how often and for what purpose the firearm is used and by whom. |
| **Response** | My answer for No. 5 is the same as for No. 4. |
| **6** | If Your response to Request for Admission No. 8 is anything other than an unqualified denial, please identify and describe, with particularity, each time You have practiced shooting firearms, where the shooting practice occurred, and when the shooting practice occurred, as well as whether you had any instruction on shooting and, if so, from whom. |
| **Response** | Plaintiff objects to this request because it is overly burdensome and impossible for Plaintiff to recall with particularity because Plaintiff has not, and is not required to, document all of her shooting practice. Plaintiff has performed a reasonable and diligent search for her records, as is required under the rules. |

| | |
|---|---|
| | Plaintiff is thereby able to generally describe the shooting practices that demonstrate her lawful usage of her firearms, lawful usage which is guaranteed to her in the United States of America and the State of Nevada. As stated above, all of my practice was at Reno Gun & Range. I practiced shooting my firearms only in the training classes offered at Reno Gun & Range and all instruction and shooting practice was under the guidance of tutors. |
| **7** | If Your response to Request for Admission No. 9 is anything other than an unqualified denial, please identify and describe, with particularity, the date of each purchase of hollow-point bullets, the quantity of bullets purchased, where the bullets are located/stored, and whether, when, and where You have fired the bullets with a firearm. |
| **Response** | Plaintiff objects to this request because it is not relevant to the issues in this litigation. Plaintiff has admitted to purchasing hollow-point bullets, and she has a constitutional right to bear arms. The location, quantity, and usage of a particular subset of Plaintiff's bullets is not relevant to any issue in this litigation. |

(ECF No. 40 at 12-13.)

Defendants argue that the information about which firearms and ammunition Fan purchased from whom and why, as well as where she stores each firearm and how often it is used and by whom, makes the truth of Jiang's alleged statements about Fan's death threats, as well as the danger that she posed to him and his family, more probable. (*Id.*) Defendants argue the information is relevant to Jiang's truth defense to Fan's defamation claim. (*Id.*) As to Interrogatories 4, 5, 6, and 7, Fan responds that she is in the process of providing a screenshot of her online account with Reno Gun & Range. (ECF No. 47 at 2.) This serves as an acknowledgment that she must provide the documentation. Therefore, Fan is ordered to turn over the screenshot of her online account with Reno Gun & Range within 14 days.

///

///

///

///

///

#### 4.  Interrogatory No. 9

| Interrogatory No. | Interrogatory |
|---|---|
| 9 | At Paragraph 33 of the Complaint, You allege: "In 2007, after Jiang's regular summer travel to China, Jiang returned to Nevada and proceeded to infect Fan with Chlamydia." Please describe the history of Your receipt of care for sexually transmitted diseases. |
| **Response** | 2007 UNR Student Health Center. |

(ECF No. 40 at 14.)

Fan does not respond to the motion to compel regarding Interrogatory No. 9 and therefore there is no opposition. (ECF No. 47) Fan is required to turn over the requested information within 14 days of this order. Fan is reminded that in a discovery dispute, if she cannot provide requested information, she "must come forward with an explanation of the search conducted with 'sufficient specificity to allow the Court to determine whether a reasonable search'" was performed. *Cf. V5 Techs*, 332 F.R.D. at 366-67 (citation omitted).

#### 5.  Interrogatory No. 11

| Interrogatory No. | Interrogatory |
|---|---|
| 11 | At Paragraph 42 of the Complaint, You allege: "When having opportunities, Jiang initiated and insisted (cyber-)sex with Fan occasionally, and Jiang ignored Fan's crying during sexual intercourse." Please identify and describe, with particularity, each such alleged incident, including but not limited to the details (date, time, conduct, host platform, etc.) of each such alleged incident of cybersex. |
| **Response** | Afternoons and late nights (Reno local time). MSN Live Messenger as host platform. Every time when Jiang did it, Jiang was in his UNR office, sitting in his office Chair. Jiang exposed his penis and required me to show my vagina. Jiang watched my vagina and did masturbation. |
| 12 | At Paragraphs 42–43 of the Complaint, You allege You did not live in Reno, Nevada or work for UNR from 2008 to 2015. Please identify and describe, with particularity, each time You visited or met in person with Jiang between the time You left UNR in 2008 and the time You returned to UNR in 2015, including but not limited to the details (date, time, location, reason for the visit or meeting, etc.) of each such alleged visit or meeting. |

| | |
|---|---|
| **Response** | 2008 summer, Reno, NV, Jiang required and enticed me to visit Reno. I was trauma bonded and wanted to confront Jiang for his past abuse. 2009 spring, Reno, NV Jiang required and enticed me to visit Reno. I was trauma bonded and wanted to confront Jiang for his past abuse. 2010 summer, Zhejiang University of Technology, Hangzhou, China, Jiang required and enticed me to visit Zhejiang University of Technology. I was trauma bonded and wanted to confront Jiang for his past abuse. 2012 spring, Reno, NV, Jiang enticed me to visit Reno. I was trauma bonded and wanted to confront Jiang for his past abuse. 2014 spring, Reno, NV, Jiang enticed me to visit Reno. I was trauma bonded and wanted to confront Jiang for his past abuse. 2014 summer, Duluth, GA, Jiang enticed me to visit Duluth. I was trauma bonded and wanted to confront Jiang for his past abuse. 2014 fall, Reno, NV, Jiang enticed me to visit Reno. I was trauma bonded and wanted to confront Jiang for his past abuse. 2015 spring, Reno, NV, I attended an on-site interview at UNR for an assistant professor position. I was trauma bonded and wanted to confront Jiang for his past abuse. |

(ECF No. 40 at 15.)

At the meet-and-confer, Jiang's counsel asked for estimated times (e.g., month and year) for each occurrence, including a description of how often (e.g., monthly, quarterly, yearly) the alleged cybersex occurred. (*Id.*) Jiang's counsel also asked for more details regarding visits Fan refers to in her response to Interrogatory No. 12. (*Id.*) Fan responds that she has provided as much detail as possible at this time. (ECF No. 47 at 2.) A responding party is not generally required to conduct extensive research to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007). This does require that the responding party must conduct a search for relevant information and must answer interrogatories after a diligent search. *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193-94 (D. Nev. 2010). Thus, a responding party "cannot limit its interrogatory answers to matters within its own knowledge and ignore information immediately available to it or under its control". *Id.* If Fan cannot provide more detailed information as to the timing of the alleged incidents, such as reviewing her MSN Live Messenger usage history, she must describe what she

searched and why it did not help. *Cf. V5 Techs*, 332 F.R.D. at 366-67. Therefore, Fan is ordered to supplement her interrogatory responses with additional information, including describing efforts taken to locate information to respond these interrogatories.

### 6.  Interrogatory No. 17

| Interrogatory No. | Interrogatory |
|---|---|
| **17** | Please identify and describe, with particularity, each time you visited or met with Zhi Zeng at any time between July 2015 to October 2019, including but not limited to the date(s) or date(s) ranges of the visit or meeting, the reason for the same, and the location of the same. |
| **Response** | Plaintiff objects to this request because it is not relevant to the issues in this litigation. |

(ECF No. 40 at 16.)

Defendants argue that the Court should compel disclosure of this interrogatory because on information and belief, Zhi Zeng was Fan's boyfriend during relevant times when she alleges that she effectively was Jiang's sex slave. (*Id.*) As discussed above, relevance for discovery is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund*, 437 U.S. at 351 (citation omitted). Information relating to whether Fan had a boyfriend at relevant times may lead to information that aids in Jiang's defense. Therefore, Fan is directed to properly respond to Interrogatory No. 17 within 14 days of this order.

### D.    Rule 37 Sanctions

Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983). Rule 37 allows for the authorization of any remedy the Court determines is "just." *See id.* at 591; *see also Ins. Corp. of Ireland v.*

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706-08 (1982); Fed. R. Civ. P. 37(b)(2)(A).

Accordingly, Defendants' request for sanctions in the motion to compel, (ECF No. 40), is granted. Having granted Defendants' motion to compel on all points, the Court awards Defendants their reasonable attorneys' fees and costs as sanctions for the cost associated with bringing the motion to compel. Counsel for Defendants will, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable. Counsel for Fan will have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded. Counsel for Defendants will have 7 days from service of the responsive memorandum in which to file a reply.

### E.     Spoliation Sanctions

The Court now turns to Defendants' motion for spoliation sanctions. (ECF No. 41.) In the motion, Defendants argue spoliation sanctions should be imposed due to Fan's deletion of WeChat messages between Fan and Jiang. (*Id.*) In response, Fan readily admits to deleting the messages. (ECF No. 48 at 1.) However, Fan claims that she has also identified two devices she believes could be used to recover the communications but claims that she needs more time to do so. (*Id.* at 2.) Due to the

severity of the possible spoliation sanctions that may be imposed in this case, the Court denies the motion for spoliation sanctions at this time to allow Fan one final opportunity to recover the deleted messages. Therefore, the Court grants Fan **60 days** from this Order to conduct any and all necessary forensic examinations of the two devices she has identified to determine if the communications can be recovered. In addition, if any data is recovered through these examinations, Fan is also ordered to provide any and all recovered data to Defendants within this time frame. Accordingly, Defendants' motion for spoliation sanctions, (ECF No. 41), is denied without prejudice to refile if the communications cannot be recovered.

Fan and her counsel are cautioned that no extensions of time of this deadline will be granted. Moreover, any failure to conduct the necessary forensic examination and comply with this order within the time specified will likely result in sanctions separate and apart for any spoliation sanctions which may be imposed.

## IV.   CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Defendants' motion to compel production of discovery, (ECF No. 40), is **GRANTED in its entirety**.

**IT IS FURTHER ORDERED** that Fan shall have **14 days** from the issuance of this Order to provide Defendants with discovery consistent with this Order. Fan is also ordered to have her devices forensically examined within **60 days** of this order. Fan is cautioned that failure to comply with this Order may result in further sanctions, up to and including dismissal of the action.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is **GRANTED**. The Court awards Defendants their reasonable attorneys' fees and costs as sanctions for the cost associated with bringing the motion to compel.

Accordingly, Counsel for Defendants will, no later than **14 days** from entry of this Order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work

performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation, and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and provide a statement that the fees and costs charged are reasonable.

Counsel for Fan will have **14 days** from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded. Counsel for Defendants will have **7 days** from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that Defendants' motion for spoliation sanctions, (ECF No. 41), is **DENIED without prejudice**. Defendants may resubmit a motion for spoliation sanctions if Fan fails to comply with this Order as described above.

**IT IS SO ORDERED.**

**DATED**: ___January 13, 2023___.

**UNITED STATES MAGISTRATE JUDGE**