**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

FEI FEI FAN,

                Plaintiffs,

    v.

YAN YAO JIANG, *et al.*,

                Defendants.

Case No. 3:21-CV-00458-RCJ-CLB

**ORDER AWARDING ATTORNEY'S FEES AND COSTS PURSUANT TO COURT'S ORDER GRANTING SANCTIONS AGAINST PLAINTIFFS (ECF No. 52)**

[ECF No. 57]

On January 13, 2023, this Court considered Defendants Yan Yao Jiang ("Jiang") and Wei Wu's ("Wu") (collectively referred as to "Defendants") motion to compel against Plaintiff Fei Fei Fan ("Fan"). (ECF No. 40.) The Court granted the motion, awarded Defendants their reasonable attorney's fees and costs as sanctions for the cost associated with bringing the motion to compel, and directed Defendants' counsel to submit a memorandum of attorneys' fees and costs. (ECF No. 52.)

Defendants' counsel timely filed their memorandum in support of Defendants' request for attorney's fees and costs. (ECF Nos. 57, 59.) Fan responded, (ECF No. 65), and Defendants replied, (ECF No. 66).

The Court now considers Defendants' memorandum of attorney's fees and costs. (ECF No. 57.) Defendants seek a total of $16,849.50 in fees and costs.

**I.   DISCUSSION**

Defendants are the prevailing party to the extent that the Court determined that sanctions were warranted against Plaintiffs for their failure to comply with a discovery order. The Court concluded that an award of attorney's fees and costs was proper under the circumstances, and it must now calculate a reasonable fee award.

The lodestar method is the customary method that the Court uses when determining attorneys' fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party

reasonably expended on the litigation by a reasonable hourly rate." *Id.; see also McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The Court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). If the Court determines some requested fees should be excluded as unreasonable, the Court may exclude bill entries pursuant to an hour-by-hour analysis. *Gonzalez*, 729 F.3d at 1203.

The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Although presumptively reasonable, the Court may adjust the lodestar amount based on the *Kerr* factors to account for factors that have not been subsumed in the lodestar calculation. *Id.* The *Kerr* factors include: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and, (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

Furthermore, Local Rule 54-14(b) requires a party seeking attorneys' fees to include (1) a reasonable itemization and description of the work performed and (2) an itemization of all costs sought to be charged as part of the fee award.

### A.    Reasonable Hourly Rate

"The 'prevailing market rates in the relevant legal community' set the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "Within this geographic community, the district court should 'take into consideration the experience, skill, and reputation of the attorney or paralegal.'" *Id.* (internal quotation marks omitted). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (internal quotation marks omitted).

It is customary for attorneys to bill an hourly rate for legal services provided, and counsel Ms. O'Mara attests that her hourly rate is $475, and Mr. Schaerer attests that his hourly rate is $400. The Court, through its own familiarity with the rates in the unofficial northern division of the District of Nevada, finds the requested hourly rates to be reasonable. Rates of $450-$500 per hour have been recently approved for attorneys with 13-21 years of experience; *Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. Apr. 1, 2022); *Buck v. Lakeview Mediation Solutions*, No. 2:20-cv-00189-GMN-BNW, 2021 WL 5176472, at *6 (D. Nev. Oct. 19, 2021); *McGuire v. Allegro Acceptance Corp.*, No. 2:18-cv-01635-MMD-VCF, 2020 WL 3432533, at *4 (D. Nev. June 22, 2020).

### B.    Hours Reasonably Expended

The Court next considers the hours expended on the tasks outlined in Ms. O'Mara and Mr. Schaerer's declarations. The party seeking an award of fees must submit evidence supporting the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The Court should exclude from the initial fee calculation hours that are not reasonably expended. *Id.* at 433-34. The Court may exclude hours that are not reasonable due to overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Id.* at 434. In other words, the Court has discretion to "trim fat"

from, or otherwise reduce, the number of hours claimed to have been spent on the case. *Edwards v. Nat'l Business Factors, Inc.*, 897 F.Supp 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Mr. Schaerer provides the dates that the attorneys provided legal services in connection with the motion to compel, a summary of work performed for each entry, and the time spent on each task. (ECF No. 52-1.) Defendants' report spending 40.45 hours in relation to the motion to compel and assert they are entitled to $16,849.50. (ECF No. 57.) Defendants' billing records are heavily redacted making it very difficult for the Court to discern what work was actually performed on the motion to compel. The Court does not find it appropriate to include fees related to mandatory meet and confers prior to the filing of the motion. Instead, the Court excludes those entries that it finds to be unnecessary and unrelated to the motion to compel as they are outside the timeframe of when the motion was filed and fully briefed. The Court agrees with Fan's response that the appropriate timeframe includes only those entries from October 21, 2022 to November 14, 2022. The billing records reflect Ms. O'Mara spent 3.1 hours during the timeframe of October 21, 2022 to November 14, 2022 and Mr. Schaerer spent 10.3 hours during the timeframe of October 21, 2022 to November 14, 2022—for a total of 13.4 hours.

Based on the Court's experience, the Court finds 13.4 hours spent on the motion to compel to be reasonable in amount. Thus, based on this Court's determination of reasonable hourly rates and hours reasonably expended, the following fee computation applies:

| Attorney | Hours | | Hourly Rate | Total |
|----------|-------|---|-------------|-------|
| O'Mara | 3.1 | x | 475 | $1,475.50 |
| Schaerer | 10.3 | x | 400 | $4,120.00 |
| | | | | **$5,592.50** |

### C. *Kerr*/LR 54-14 Factors

Having considered the hourly rate and the legal services itemized in Mr. Schaerer's declaration, the Court must decide whether to increase or reduce the lodestar amount

based upon the *Kerr* factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119. The *Kerr* factors are also incorporated into Local Rule 54-14. The Court has considered all the relevant factors and finds that no other *Kerr* factors warrant enhancement or reduction of the fees. Therefore, based on the discussion above, Defendants are entitled to recover $5,592.50 in attorney's fees.

### D.    Costs

While not entirely clear, it appears Defendants request reimbursement of $1 in costs associated with accessing PACER. (ECF No. 57 at 6.) Nontaxable costs are recoverable on a motion to the Court. Fed. R. Civ. P. 54(d)(2) ("claim for… related nontaxable costs must be made by motion"); *see also* LR 54-6(b)(2) (costs and page fees for electronic access to court records are nontaxable). The Court finds this cost reasonable and reimbursable.

## II.    CONCLUSION

**IT IS ORDERED** that Defendants are awarded the sum of **$5,592.50** in attorney's fees and **$1.00** in costs for a total of **$5,593.50** payable to Defendants' counsel within **60 days** of the date of this order.

**IT IS SO ORDERED.**

**DATED**: February 23, 2023.

**UNITED STATES MAGISTRATE JUDGE**