UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEI FEI FAN,

    Plaintiff

v.

YAN YAO JIANG and WEI WU,

    Defendants

Case No.: 3:21-cv-00458-RCJ-CSD

**Order**

Re: ECF No. 100

    The court issues this Order granting Defendants' request for attorneys' fees awarded in connection with their renewed motion for sanctions. (*See* ECF Nos. 97, 100-101.)

**I. BACKGROUND**

    On July 31, 2023, the court granted in part and denied in part Defendants' renewed motion for sanctions. The court granted the motion for sanctions with respect to Plaintiff's spoliation of text and chat messages, and as a result of Plaintiff's failure to comply with Judge Baldwin's January 13, 2023 order to provide the requested medical records. The court ordered Defendants to file and serve a memorandum establishing the amount of fees and costs incurred in connection with these aspects of the motion. The court gave Plaintiff until August 24, 2023, to file and serve a responsive memorandum, and Defendants until September 1, 2023 to file and serve a reply. (ECF No. 97.)

    On August 11, 2023, Defendants filed their memorandum. (*See* ECF Nos. 100, 101.) Plaintiff Fan did not file a responsive memorandum.

///

///

## II. DISCUSSION

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure it is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The court must first determine the "lodestar" figure. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citation and quotation marks omitted). The court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

The lodestar amount is presumptively reasonable, however, "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho,* 523 F.3d at 978. In determining whether to adjust the lodestar, the court looks several factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and the ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* The *Kerr* factors have been incorporated into Local Rule 54-14(a)(3).

Many of the *Kerr* factors have been subsumed as a matter of law, including the novelty and complexity of the issues, the special skill and experience of counsel, the quality of

representation, the results obtained, and the contingent nature of the fee. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64, n. 9 (9th Cir. 1996) (citation omitted).

The party seeking the award of fees must submit evidence in support of the request. *Van Gerwen v. Guar. Mut. Life Ins. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The request for fees must include a reasonable itemization and description of the work performed, as well as an itemization of all costs sought to be charged as part of the fee award. LR 54-14(b). The request for fees must also be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming the bill was reviewed and edited and that the fees and costs charged are reasonable. *Id*.

The party opposing the fee request bears the burden of rebuttal "that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The following attorneys from Fennemore Craig, P.C., worked on the renewed motion for sanctions: Courtney O'Mara, Esq., Enrique Schaerer, Esq., and Kendall Lovell, Esq. Ms. O'Mara began practicing in 2007, and her billable rate for this matter is $495 per hour. Mr. Schaerer is of counsel with the firm, has over 11 years of civil litigation experience as well as additional experience in criminal law, and his billable rate for this matter is $435 per hour. Ms. Lovell is an associate with the firm who began practicing in 2018, and her billable rate for this matter is $360 per hour. Mr. Schaerer's declaration states that these hourly rates are comparable to similarly situated law firms. (ECF No. 100 at 9 ¶¶ 23-26.)

The total billed for the renewed motion for sanctions was $32,731.50. (ECF No. 101.) Counsel estimates that approximately 40% of the total effort was spent on the renewed motion

for spoliation sanctions, and 10% of the total effort was spent on the motion for sanctions relative to the medical records. As such, counsel have discounted the amount of fees sought in connection with the motion by 50%, and also accounted for courtesy discounts given to the clients, for a reduced total of $14,420.72.

Plaintiff challenges neither the hours spent nor the hourly rate requested by each attorney. The undersigned nevertheless has conducted an independent review to ensure the lodestar requested is reasonable and appropriate.

**1. Hourly Rates**

In determining whether the hourly rates are reasonable, the court must ensure the requested rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (citation omitted). The court may also rely on its own experience to determine a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Hourly rates of $500 have been approved in recent years for attorneys with between 18-30 years of experience. *See Newmark Group, Inc. v. Avison Young*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640, at *1 (D. Nev. Apr. 1, 2022); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 WL 605344, at *1 (D. Nev. Feb. 28, 2022). Rates of between $450 to $500 per hour have been approved for attorneys with 13-21 years of experience. *Newmark*, 2022 WL 990640, at *1; *Buck v. Lakeview Mediation Solutions*, No. 2:20-cv-00189-GMN-BNW, 2021

WL 5176472, at *6 (D. Nev. Oct. 19, 2021); *McGuire v. Allegro Acceptance Corp.*, No. 2:18-cv-01635-MMD-VCF, 2020 WL 3432533, at *4 (D. Nev. June 22, 2020).

Rates of $300 to $350 per hour have recently been awarded for attorneys with six to ten years of experience. *Flynn v. Love*, No. 3:19-cv-00239-MMD-CLB, 2023 WL 3080494, at *3 (D. Nev. Apr. 25, 2023); *Newmark Group, Inc. v. Avison Young (Canada) Inc.*, 2:15-cv-00531-RFB-EJY, 2023 WL 2586465, at *1 (D. Nev. Mar. 21, 2023); *Reno v. Western Cab Co.*, 2:18-cv-00840-APG-BNW, 2022 WL 3214695, at *2 (D. Nev. Aug. 9, 2022) (citations omitted); *Flynn v. Love,* No. 3:19-cv-00239-MMD-CLB, 2022 WL 2918989, at *3 (D. Nev. July 25, 2022). An hourly rate of $345 has been approved for an associate attorney with five years of experience. *Baluma S.A. v. Chow*, No. 2:20-cv-1752-KJD-EJY, 2023 WL 2844215, at * 2 (D. Nev. Mar. 20, 2023).

Judge Baldwin approved of an hourly rate of $475 for Ms. O'Mara and $400 for Mr. Schaerer in connection with a prior sanctions order in this case on February 23, 2023. *Fan v. Jiang,* No. 3:21-cv-00458-RCJ-CLB, 2023 WL 2189032, at *2 (D. Nev. Feb. 23, 2023). The court accepts that there may be a slight increase in hourly rates in a case over the course of the year. Therefore, the court finds the hourly rates for Ms. O'Mara and Mr. Schaerer to be reasonable and in line with prevailing rates in the community.

While Ms. Lovell's hourly rate is on the high end for an attorney at her level of experience, Plaintiff did not object to the hourly rate, and it is in proximity to rates awarded in this district for attorneys with her level of experience. Therefore, the court finds it is reasonable.

**2. Hours Expended**

The party seeking an award of fees must submit evidence supporting the hours worked. *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court

may reduce the award accordingly." *Id*. The court may exclude from the initial fee calculation hours that are not reasonably expended. *Id*. at 433-34. The court may exclude hours that are not reasonable due to overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Id*. at 434.

Counsel asserts that they spent approximately 26 hours on the two issues for which their clients are permitted to recover fees. The court has reviewed the billing entries submitted by counsel and finds that the amount of time spent on these issues to be reasonable. The court has also considered the *Kerr* factors and finds that none of the factors warrants enhancement or reduction of the fees. Therefore, the court will award fees in the amount of $14,420.72 in connection with the renewed motion for spoliation sanctions and for sanctions for the failure to comply with Judge Baldwin's order to provide the medical records.

### III. CONCLUSION

Defendants are awarded **$14,420.72** in connection with the renewed motion for spoliation sanctions and for sanctions for the failure to comply with Judge Baldwin's order to provide the medical records. Plaintiff must pay this amount to Defendants within **60 days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: August 29, 2023

_____
Craig S. Denney
United States Magistrate Judge