UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEI FEI FAN,<br><br>        Plaintiff,<br><br>v.<br><br>YAN YAO JIANG and WEI WU,<br><br>        Defendants. | Case No. 3:21-CV-00458-RCJ-CLB<br><br>**ORDER** |

Fei Fei Fan ("Fan") brings this Action against Wei Wu ("Wu") for confronting her after Fan revealed that she was in a sexual relationship with Wu's husband. Fan claims that Wu committed Intentional Infliction of Emotional Distress ("IIED"), Trespassing, and Assault when Wu knocked on Fan's apartment door to speak to her regarding her husband's affair. Fan's brings frivolous claims. The Court dismisses Fan's claims against Wu and sanctions Fan and her counsel for bringing these frivolous claims against Wu.

///

///

///

///

**FACTUAL BACKGROUND**

From 2006 to 2019, Fan and Yanyao Jiang ("Jiang") engaged in a sexual relationship. (ECF No. 1 at 1-2). Fan claims that the sexual relationship was not a consensual relationship because Jiang sexually abused her. (*Id*. at 4). Fan did not tell anyone about this alleged nonconsensual relationship until April of 2020. (*Id*. at 8). At that time, Fan texted Jiang's wife, Wu, claiming that Jiang had cheated on her with Fan since 2006.[1] (*Id*.) In response, Jiang allegedly "threatened Fan with physical harm after learning that Fan sent Wu the text message." (Id.)

On May 12, 2020, Wu allegedly went to Fan's apartment to ask her to speak about the sexual relationship that Fan had with Jiang. (ECF No. 1 at 8). Fan claims that "Wu confronted Fan by outrageously knocking at the door of Fan's apartment." (*Id*.) Fan did not open the door. (*Id*.) Wu texted Fan to ask her to open the door so that they could talk. (*Id*.) Wu allegedly felt threatened and told Fan that she was going to call 911. (*Id*.)

Fan alleges that Jiang met her in a park after Wu went to Fan's apartment. (EC No. 1 at 8). Fan claims that Jiang threatened her when they met at the park. (*Id*.) Specifically, "Jiang said to Fan that Jiang and Wu would ruin Fan's life, tenure, and career if Fan insisted to report the sexual relationship." (*Id*.) After the apartment incident, Wu never approached or spoke to Fan again. (*Id*. at 8-10).

However, Fan chose to bring an Action against Jiang for the alleged sexual abuse and she chose to name Wu as a defendant for her conduct at the apartment building. (ECF No. 1). Fan claims that Wu is liable for IIED, Trespassing, and Assault. (*Id*.) Wu asks the Court to dismiss the claims and moves for sanctions against Fan and her counsel. (ECF Nos. 5, 89).

---

[1] It is important to point out that Fan does not claim that she told Wu that Jiang sexually abused her. No, she states that she "sent Wu a single text message that Jiang had cheated on Wu." (ECF No. 1 at 8). Even though Fan alleges that this was a nonconsensual relationship, Fan does not claim that she ever told Wu that Jiang sexually abused her.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case, making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges. *Id*. The Court may dismiss or strike a claim with prejudice where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted).

///

///

**ANALYSIS**

**I.      IIED**

Fan claims that Wu engaged in extreme and outrageous conduct towards Fan with the intent of causing Fan emotional distress. Wu's alleged conduct includes showing up to Fan's apartment to speak, "outrageously" knocking on Fan's door, and making threatening statements to Jiang that Jiang later repeated to Fan. (ECF No. 1). The standard for IIED is high. In Nevada, a plaintiff must show that the defendant engaged in extreme and outrageous conduct outside all possible bounds of decency. *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998). As Wu points our in her briefing, yelling at someone in an inconsiderate and unkind manner does not rise to the level of extreme and outrageous. *Bollinger v. Thawley*, 304 Fed. Appx. 612, 614 (9th Cir. 2008). That conduct is not "utterly intolerable in a civilized community," which is the standard for extreme and outrageous conduct in Nevada. *Maduike*, 114 Nev. at 4, 953 P.2d at 26.

Giving Fan's Complaint the required liberal reading, Wu's alleged conduct was nowhere near the standard for extreme and outrageous. Taking in the context of the situation, Wu's alleged conduct is quite reasonable. Fan texted Wu out of the blue informing her that her husband, Jiang, had an affair with Fan for over 10 years. Wu seeking answers is what any reasonable person would do. Fan claiming that Wu outrageously knocked on the door does nothing to convince the Court that Wu acted unreasonably. Simply put, Fan does not allege a plausible claim for IIED because Wu engaged in perfectly reasonable conduct. The Court dismisses Count VI against Wu with prejudice.

**II.     Trespassing**

Based on the actions that Wu allegedly engaged in at Fan's apartment, Fan claims that Wu trespassed. "Nevada has long recognized trespass as an action for injury to a plaintiff's possession of land." *Iliescu v. Reg'l Transportation Comm'n of Washoe Cnty.*, 138 Nev. Adv. Op. 72, 522

P.3d 453, 460 (Nev. App. 2022) (citing *Rivers v. Burbank*, 13 Nev. 398, 408 (1878)). To support a trespass claim, "the plaintiff must demonstrate that the defendant invaded a property right." *Id*. (citation omitted). "In a modern urban multifamily apartment house, . . . a tenant's 'dwelling' cannot reasonably be said to extend beyond his own apartment and perhaps any separate areas subject to his exclusive control." *Merica v. State*, 87 Nev. 457, 459–60, 488 P.2d 1161, 1162 (1971).

Fan's claim for trespass fails because she has no property right over the area in which Wu allegedly trespassed on. Fan claims that Wu trespassed on Fan's land when she "remained outside Fan's [apartment] door." (ECF No. 1 at 16). Wu allegedly stood in an area that anyone could walk through. Fan did not have exclusive control over the area. This area is more akin to the common area in an apartment complex and Nevada law does not provide tenants with a property right in common areas. *Merica*, 87 Nev. At 460, 488 P.2d at 1162. Therefore, Fan cannot claim that Wu trespassed on her land because Fan does not have a property right in the common areas.

Moreover, Fan's trespass claim is improper because Wu did not damage the land that she allegedly trespassed on. Wu allegedly stood outside Fan's door and knocked outrageously. Fan does not claim that she caused any damage to the property. Accordingly, the Court dismiss Count VIII with prejudice.

### III.    Assault

Fan claims that Wu intentionally engaged in conduct to scare, threaten, and harass Fan at her apartment. The Complaint alleges that Jiang told Fan that Wu hated Fan and wanted to physically hurt Fan. (ECF No. 1 at 16). Those statements combined with Wu's "outrageous" knocking at the door made fear "for her physical safety [because] she could be physically hurt imminently." (*Id.*) Under Nevada law, assault is either (1) unlawfully attempting to use physical force against another person; or (2) intentionally placing another person in reasonable

apprehension of immediate bodily harm. NRS 200.471(1)(a). Fan claims that Wu's conduct falls under the second standard for assault. Without a doubt, Wu did not intend to make Fan fear her. As Fan admits in the Complaint, Wu arrived at Fan's apartment "to hear Fan's side of [the] story." (ECF No. 1 at 8). Further, Wu had never actually told Fan that she wanted to hurt her. These fears came from alleged statements that Jiang made to Fan regarding Wu's thoughts. The Court cannot find that Wu's conduct or statements put Fan in reasonable apprehension of immediate bodily harm. The Court dismiss Count IX with prejudice.

### IV.  Sanctions

As discussed at the hearing on the motions at issue in this Order, the Court is sanctioning Fan and her counsel for filing this frivolous action against Wu. The Action that Fan and her counsel brought against Wu is not only frivolous but an abuse of judicial process. What is clear from this Action is that Fan and Jiang had a sexual relationship that soured. Fan brought this Action against Jiang for his alleged conduct and decided to add Wu for vindictive reasons. The facts that make up the allegations provide no basis for the Court to find that Wu did anything wrong. The Court does not know why Fan's counsel, Ryan J. Cann, decided to file this Action and name Wu as a defendant.

"[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). That improper conduct includes acting in bad faith and bringing a frivolous action with vindictive intent. *Id*. (citing *In re Itel Securities Litigation*, 791 F.2d 672 (9th Cir.1986)). In a hearing on this Motion, the Court made a ruling on the bench sanctioning Fan and her counsel for bringing this frivolous action against Wu. (*See* ECF No. 88). Accordingly, the Court hereby orders that Fan and her counsel shall pay Wu's attorney fees.

**CONCLUSION**

IT IS HEREBY ORDERED that Wu's Motion to Dismiss is **GRANTED**. (ECF No. 5).

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is **DENIED** as moot. (ECF No. 93).

IT IS FURTHER ORDERED that Fan's complaint is **DISMISSED** with prejudice. (ECF No. 1). The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated this 9th day of September 2023.

_____
ROBERT C. JONES
United States District Judge