Ryan J. Cann, Esq.
Nevada Bar No. 11073
CANN IP LAW PLLC
1 East Liberty Street, Suite 600
Reno, Nevada 89501
775-234-3796  Telephone
info@canniplaw.com   Email
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FEI FEI FAN, | Case No.:   3:21-cv-00458-ART-CSD |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANTS WU'S MEMORANDUM OF ATTORNEY'S FEES AND COSTS.** |
| YAN YAO JIANG and WEI WU, | |
| Defendants. | |

Plaintiff Fei Fei Fan, by and through her counsel of Record, Ryan J. Cann of Cann IP Law PLLC, hereby responses to, and opposes, Defendant Wu's *Memorandum Of Attorney's Fees And Costs*:

## MEMORANDUM OF POINTS AND AUTHORITIES

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Once the court has calculated that amount, known as the lodestar, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalex v. City of Maywood*, 729 F.3d 1196, 12-2 (9th Cir. 2013).

1

"The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

"In the private sector, 'billing judgment' is an important component in fee-setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

"Work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.' *Davis v. County of Los Angeles,* 8 E.P.D. at 5049. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

"There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id*. at 436-437. Furthermore, the Court may adjust the lodestar amount based on *Kerr* factors to account for factors that have not been subsumed in the lodestar calculation. *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 982 (9th Cir. 2008). The *Kerr* factors include: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and, (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc*., 525 F.2d 67, 70 (9th Cir. 1975).

**The Lodestar amount requested by Defendant Wu is incorrect and unreasonable because it improperly includes extraneous hours billed after all claims against Defendant Wu were dismissed entirely.**

Defendant Wu has calculated the lodestar amount of her attorney fee and costs as a total of $84,462.21. ECF No. 109 at page 7. Defendant Wu and her attorneys have utilized a complicated system for determining the total of Defendant Wu's attorney fees and costs. *See* the chart provided by Defendant Wu in ECF No. 109 from pages 4 through 7. The chart does not include any dates. *See Id*. Defendant Wu has seemingly created her chart in such a complex and unilluminating way to gloss over the fact that the chart includes many billed hours that occurred after all of the claims against Defendant Wu's were dismissed from the bench in the Motions hearing occurring on May 1, 2023. *See* ECF No. 88 wherein the Minutes of Proceedings from the May 1, 2023 hearing indicate that Judge Robert C. Jones ruled in Defendant Wu's favor from the bench by dismissing all claims against Defendant Wu.

Hours billed <u>after</u> the case against Defendant Wu was dismissed cannot be considered to be reasonable under a lodestar analysis. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, any hours expended by Defendant Wu's attorneys after the date that all claims were dismissed from the bench by Judge Jones on May 1, 2023 were "unnecessary" under the analysis undertaken in *Hensley v. Eckerhart*, and therefore these unnecessary hours billed post-May 1, 2023 should be excluded from Defendant Wu's lodestar. *See also* ECF No. 98 where Magistrate Judge Craig S. Denney declined to impose sanctions because "sanctioning Fan would be unjust under the circumstance because his discovery request … related to Fan's claims against Defendant Wu, and Judge Jones has granted defendant Wu's motion to dismiss." ECF No. 98 at page 24, lines 20-23.

Plaintiff provides the following analysis of the billed hours submitted by Defendant Wu's attorneys in Exhibit A to ECF No. 109:

Invoice 1167453 (billed 06/29/2023) includes **21.52** (of a total of 26.92) hours billed <u>after</u> the May 1, 2023 hearing entirely dismissing all claims against D Wu from the bench. *See* Invoice 1167453 on pages 56-67 of ECF. No. 109-1. Plaintiff respectfully requests that the Court exclude these 21.52 total hours from the lodestar amount because they were expended unnecessarily after all

3

claims against Defendant Wu were dismissed and are not related to preparing the present Memorandum.

Invoice 1172274 (billed 07/24/23) includes **23.60** (of a total of 23.60, or in other words, the entire invoice) hours billed <u>after</u> the May 1, 2023 hearing entirely dismissing all claims against D Wu from the bench. *See* Invoice 1172274 on pages 71-81 of ECF. No. 109-1. This invoice also improperly includes costs, totaling **$516.46**, related to the deposition of Zhi Zeng. Zhi Zeng testimony was only relevant to the claims against D Jiang and so none of the costs related to Zhi Zeng should be included in the attorneys fees and costs for D Wu. Plaintiff respectfully requests that the Court exclude these 23.60 total hours from the lodestar amount because they were expended unnecessarily after all claims against Defendant Wu were dismissed and are not related to preparing the present Memorandum. Plaintiff also respectfully requests that the Court exclude the $516.46 in costs from the lodestar amount because they were also expended unnecessarily because Zhi Zeng testimony is not relevant Defendant Wu's case (it is relevant only to Defendant Jiang's case).

Invoice 1173341 (billed 08/10/2023) includes **16.80** hours (of a total of 16.80 hours, in other words, the entire invoice) billed <u>after</u> the May 1, 2023 hearing entirely dismissing all claims against D Wu from the bench. *See* Invoice 1173341 on pages 84-90 of ECF No. 109-1. This invoice also improperly includes costs, totaling **$155.88**, related to attending a hearing to discuss discovery issues related to Jiang (the Wu case had already been entirely dismissed from the bench, at this time). Plaintiff respectfully requests that the Court exclude these 16.80 total hours from the lodestar amount because they were expended unnecessarily after all claims against Defendant Wu were dismissed and are not related to preparing the present Memorandum. Plaintiff also respectfully requests that the Court exclude the $155.88 in costs from the lodestar amount because they were also expended unnecessarily because, at the time of these expenses, the Wu case had already been entirely dismissed from the bench.

Invoice 1179120 (billed 09/19/23) includes 17.16 hours (of a total of 17.16 hours, in other words, the entire invoice) billed AFTER May 1, 2023 hearing dismissing claims against D Wu entirely from the bench. *See* Invoice 1179120 on pages 94-101 of ECF No. 109-1. Alternatively, if this court chooses to include billed hours related to the present Memorandum, Invoice 1179120 includes at

least **8.12** hours of billed time that is not related to the Memorandum and is therefore improperly included because it is unnecessary. *See Id*. Plaintiff respectfully requests that the Court exclude these 8.12 total hours (or the entire 17.16 hours) from the lodestar amount because they were expended unnecessarily after all claims against Defendant Wu were dismissed and are not related to preparing the present Memorandum.

Invoice 1158716 (billed 04/28/2023) improperly includes costs (totaling **$209.16**) for airfare related to a deposition of Plaintiff Fei Fei Fan that did not occur. *See* Invoice 1158716 on page 136 of ECF No. 109-1. The deposition of Fei Fei Fan has not occurred and did not occur during the date attributed in the invoice. This expense is therefore unnecessary and cannot be included in the lodestar amount. Plaintiff respectfully requests that the Court exclude the $209.16 in costs from the lodestar amount because they were also expended unnecessarily because the deposition did not take place.

In total, Defendant Wu has included at least 70.04 hours of billed time that was unnecessary under an *Hensley v. Eckerhart* analysis because it was incurred after all claims against Defendant Wu were dismissed. *See* ECF No. 109-1 and the above analysis. Adding up the unnecessary costs, Defendant Wu has included at least $881.50 in costs that were unnecessary under a *Hensley v. Eckerhart* analysis because it was incurred after all the claims against Defendant Wu were dismissed. *See Id*. Plaintiff respectfully asks that these unnecessary hours and costs be excluded from the lodestar amount and, therefore, excluded from the amount awarded to Defendant Wu for reasonable attorney fees and costs.

### **Defendant Wu's request for attorney fees should be lowered to account for unnecessary overstaffing.**

Under *Hensley v. Eckerhard*, courts may find that a case is "overstaffed" and therefore adjust the fees downward. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, Defendant Wu has utilized many attorneys to increase the billing. Looking to Exhibit 1 of ECF No. 109, at times three attorneys billed Defendant Wu for one billing period (page 67 of ECF No. 109-1); at other times four attorneys billed Defendant Wu for one billing period (page 90 of ECF No. 109-1); and at other times four attorney plus another professional billed Defendant Wu for one billing period (page 101 and page 136 of ECF No. 109-1).

By comparison, Plaintiff has utilized only one attorney for the case. *See* ECF No. 102-1 wherein Attorney Ryan J. Cann describes his solo practice firm and his handling of Plaintiff's case without the assistance of multiple attorneys.

Respectfully, Plaintiff requests that this Court adjust the fees downward to account for this unnecessary overstaffing for Defendant Wu's case. Plaintiff proposes that the total lodestar for Defendant Wu be reduced by applying a ratio of the difference between Plaintiff's attorney count and Defendant's attorney count. Plaintiff, therefore, proposes that Defendant's total lodestar for attorney fees be reduced by multiplying Defendant's lodestar by either 1/3 or 1/4 to account for the unnecessary overstaffing for the straightforward claims against Defendant Wu.

**Defendant Wu unreasonably asks for 40% of hours billed jointly to Defendant Wu and Defendant Jiang. But the *Kerr* factors should be utilized to reduce this award because attributing 40% of the jointly billed hours to Defendant Wu does not properly align with the time and labor required in comparison to the claims against Defendant Jiang.**

Defendant Wu states that she has been billed 40% of the total attorneys' fees and costs incurred in the joint matter for work performed by Fennemore Craing, P.C. Footnote 1 on page 2 of ECF No. 109. According to Defendant Wu, this means that she should be able to recover 40% of the attorney's fees for the joint matter with Defendant Jiang. But Defendant Jiang's case is very different than Defendant Wu's case, and Defendant Jiang is not awarded attorneys fees under the Order issued by Judge Jones. *See* ECF No. 107 on page 12 of 12 dismissing the case against Jiang without ordering an award of attorney fees.

Comparing the claims in the original complaint against Wu and against Jiang, it is clear that the causes of action against Jiang constitute more than 60% of the claims and much more than 60% of the required "time and labor" under a *Kerr* analysis. Defendant Wu was listed as a defendant for 3 of the 9 causes of action. *See* ECF No. 1. Defendant Jiang was listed as defendant for 7 of the 9 claims. *See Id*. Looking at the complaint in this light, Defendant Wu was listed as a defendant for only approximately 33% of the causes of action and Jiang was listed as a defendant for approximately 78% of the causes of action. If the causes of action were all of a relatively equal complexity, this would imply that Defendant Wu should be awarded 33% of the jointly billed hours and costs (as opposed to the 40% that Defendant Wu has requested.).

But not all of the causes of action in Plaintiff's complaint are of equal complexity. Looking to the complaint, Jiang is listed as sole defendant for Sex Trafficking under 18 U.S.C. 1591, Forced Labor under 18 U.S.C. 1589, Trafficking into Servitude under 18 U.S.C 1590, Civil Action pursuant to NRS 41.1399 to recover damages for sex trafficking under NRS 201.300, and Involuntary Servitude under NRS 200.463. *See* ECF. No. 1.

By comparison, Defendant Wu is listed as sole defendant for Trespassing and Assault. See ECF No. 1.

Defendant Wu's causes of action are simple, are based on common law, and all stem from a single incident occurring on May 12, 2020 that was not repeated. In contrast, Defendant Jiang's causes of action are based upon complex federal and state statutes and stem from repeated actions occurring over the course of 15 years. Based upon this comparison, it cannot be said that Defendant Wu's causes of action and Defendant Jiang's causes of action require equal "time and labor required" or involve equal "novelty and [] difficulty of the questions involved" under a Kerr analysis. This Court seemingly recognized that the causes of action against Wu and Jiang are unequal when the Court chose to rule from the bench in favor of Defendant Wu in the motions hearing held on May 1, 2023, but chose to take Defendant Jiang's motion under consideration for approximately four months.

Because it is clear that Defendant Jiang's defense and Defendant Wu's defenses are not the same under a *Kerr* analysis, this Court should use the Kerr factors to adjust the lodestar downward from the 40% of the joint billed hours plus costs that Defendant Wu requests. An award of 10% of the joint billed hours plus costs would be more appropriate considering the vast gulf between the complexity and required legal resources of Defendant Jiang's causes of action versus Defendant Wu's causes of action.

## **CONCLUSION.**

For the foregoing reasons, Plaintiff respectfully requests that this Court reduce the amount of attorney's fees and costs to be awarded to Defendants. Respectfully, this Court should reduce Defendant's calculation by excluding from the calculations any entries that come after May 1, 2023 (the date that Judge Jones granted Defendant's *Motion to Dismiss* and dismissed all claims against Defendant Wu from the bench during a motions hearing) because they cannot be considered necessary to Defendant Wu's case, by adjusting the total lodestar downward for account for unnecessary overstaffing, and by adjusting the total lodestar downward based upon a *Kerr* analysis.

1 | DATED this 6th day of October, 2023.

                                               /s/ Ryan J. Cann_____
Ryan J. Cann, Esq.
Nevada Bar No. 11073
CANN IP LAW PLLC
1 East Liberty Street, Suite 600
Reno, Nevada 89501
775-234-3796  Telephone
info@canniplaw.com  Email
*Attorney for Plaintiff*

8

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 6th, 2023 I served a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS WU'S MEMORANDUM OF ATTORNEY'S FEES AND COSTS** via electronic filing through the CM/ECF system which will send notification of such filing to the following:

Enrique R. Schaerer, Esq.
Fennemore Craig, P.C.
9275 W. Russel Road, Suite 240
Las Vegas, NV 89148
*Attorney for Defendants*

Kendall M. Lovell
Fennemore Craig, P.C.
9275 W. Russel Road, Suite 240
Las Vegas, NV 89148
*Attorney for Defendants*

Courtney Miller O'Mara, Esq.
Fennemore Craig, P.C.
7800 Ranchharrah Parkway
Reno, NV 89511
*Attorney for Defendants*

MaryJo E. Smart, Esq.
Fennemore Craig, P.C.
7800 Ranchharrah Parkway
Reno, NV 89511
*Attorneys for Defendants*

      /s/ Ryan J. Cann
Ryan J. Cann, Esq.
Nevada Bar No. 11073
CANN IP LAW PLLC
1 East Liberty Street, Suite 600
Reno, Nevada 89501
775-234-3796  Telephone
info@canniplaw.com  Email
*Attorney for Plaintiff*