UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEI FEI FAN,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>YAN YAO JIANG,<br><br>　　　　　　　　　Defendant. | Case No. 3:21-cv-00458-MMD-CSD<br><br>ORDER |

Following remand from the United States Court of Appeals for the Ninth Circuit, Plaintiff Fei Fei Fan is pursuing a "forced labor claim under 18 U.S.C. § 1589(a)(4) for the 2015-2019 period" and corresponding state-law claims against Defendant Yan Yao Jiang. (ECF No. 125 at 3-5; *see also* ECF No. 130 (executing the Ninth Circuit's mandate).) Before the Court is Jiang's objection to United States Magistrate Judge Craig S. Denney's decision to reopen discovery in this case (ECF No. 145), along with a corresponding motion to shorten time to brief that motion (ECF No. 146). While Fan has not yet responded to these motions, and as further explained below, the Court will overrule Jiang's objection because Judge Denney did not clearly err in reopening discovery. The Court will accordingly deny the motion for an order shortening time as moot.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection . . . also enable[s] the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490

U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

Judge Denney did not clearly err when he entered a scheduling order that included a reopened discovery period. The Court referred the case to him "for purposes of creating a new scheduling order to bring this case to final resolution consistent with this order and the Ninth Circuit's mandate." (ECF No. 130 at 3.) The Ninth Circuit had reversed the prior dismissal of some of Fan's claims and made clear that she should be permitted to proceed on her forced labor claim covering a particular time, and her corresponding state law claims. (ECF No. 125 at 3-5.) Meanwhile, Fan had been trying to get her counsel removed from the case and proceed pro se. (ECF Nos. 123, 127.) Judge Denney held a hearing on the issues related to Fan's relationship with her counsel and the Court's direction to enter a new scheduling order. (ECF No. 142 (hearing minutes).) Judge Denney first granted Fan's counsel's request to withdraw. (*Id.* at 1-2.) And from the Court's review of the minutes of that hearing, both sides then addressed Judge Denney regarding potential discovery, with Fan seeking leave to file an amended complaint and reopen discovery, and Jiang's counsel opposing those requests, highlighting that Fan conducted no discovery during the initial discovery period—and then Judge Denney took a recess. (*Id.* at 2.) After the recess, Judge Denney explained that he was going to grant Fan's request to reopen discovery, and Jiang's counsel objected based on the prejudice that would be imposed on Jiang, reiterating that there was an initial discovery period back in 2022. (*Id.*) Judge Denney overruled Jiang's objection. (*Id.*)

Between the hearing and now, in addition to the two pending motions that are the subject of this order, Fan filed two motions to allocate the responsibility to pay sanctions

1  previously imposed on her and her counsel in this case to her prior (as of Judge Denney's
2  hearing) counsel (ECF No. 143), and to impose additional sanctions on her prior counsel,
3  in part because he conducted no discovery on her behalf and obstructed and did not
4  respond in good faith to the discovery conducted by Jiang (ECF No. 147 at 3).[1]

5  Jiang's objection to Judge Denney's order is primarily because Fan conducted no
6  discovery during the initial discovery period, and Jiang notes in his objection that Fan was
7  represented by counsel during that initial discovery period. (ECF No. 145 at 3-6.) This
8  argument is unpersuasive because it overlooks the key facts that it is Fan's former
9  counsel, not Fan, who did nothing during the initial discovery period, and that Fan seeks
10 sanctions against her former counsel in part because he did nothing during that period.
11 Indeed, it seems fundamentally unfair to hamstring Fan's pro se prosecution of this case
12 from this point forward because of the failings of her former counsel only formally
13 discharged during Judge Denney's recent hearing. It is also unclear to the Court how it
14 could honor the Ninth Circuit's mandate to let Fan proceed on her forced labor claim, but
15 not allow her to take any discovery on it. It would of course be strategically beneficial for
16 Jiang if the Court forced Fan to proceed on her forced labor claim without any discovery,
17 but Fed. R. Civ. P. 1 requires the Court to apply the Federal Rules to secure the just—
18 not just the speedy—determination of every case.

19 Jiang otherwise objects that Judge Denney's decision to reopen discovery and the
20 corresponding discovery deadlines he set must be set aside because he did not explicitly
21 make a good cause determination. (ECF No. 145 at 8-10.) But the Court reasonably infers
22 from the hearing minutes summarized above that Judge Denney implicitly made that good
23 cause determination. (ECF No. 142 at 2.) And regardless, there is good cause to reopen
24 discovery—Fan's counsel never propounded any discovery on her behalf, and the Ninth
25 Circuit vacated and remanded in pertinent part so that she can pursue her forced labor

---

[1]This order does not address Fan's motions regarding sanctions, which are not yet ripe either. (ECF Nos. 143, 147.) And by referencing Fan's former counsel's failure to conduct discovery, the Court does not in any way suggest a ruling either way on the merits of Fan's motions seeking sanctions.

3

claim. The Court accordingly overrules Jiang's objection and denies his motion for an order shortening time—which does not include a proposed briefing schedule or otherwise explain how much time he would like shortened anyway—as moot.

It is therefore ordered that Jiang's objection to Judge Denney's scheduling order (ECF No. 145) is overruled.

It is further ordered that both sides are bound by Judge Denney's scheduling order (ECF No. 142), unless and until it is later amended.

It is further ordered that Jiang's motion for an order shortening time (ECF No. 146) is denied as moot.

DATED THIS 3rd Day of March 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE