# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEI FEI FAN,<br><br>     Plaintiff<br><br>v.<br><br>YAN YAO JIANG and WEI WU,<br><br>     Defendants | Case No.: 3:21-cv-00458-MMD-CSD<br><br>**Order Denying Defendant's Motion for Protective Order and to Shorten Briefing Schedule and Striking Plaintiff's Notice of Deposition**<br><br>Re: ECF Nos. 190, 197, 198 |

Defendant Jiang filed a motion for protective order (ECF No. 197) and motion to shorten time to brief the protective order (ECF No. 198.) These motions are in response to a notice of deposition of Defendant filed on the docket by Plaintiff. (ECF No. 190.) In that notice, Plaintiff requests a deposition schedule that covers four calendar days for three hours each day. (*Id.*) For the reasons discussed below, the court denies Defendant's motions without prejudice. However, the court also strikes Plaintiff's notice of deposition as improper.

The court will first address Defendant's motions. Despite repeated attempts by Defendant to meet and confer with Plaintiff before filing the motion for protective order, ultimately no meet and confer occurred. (ECF No. 197.) LR IA 1-3(f) provides that the meet and confer "requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference." Although Defendant made concerted efforts to do so, there was no "good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion" and thus the court will not consider the discovery motion. LR 26-6(c).

Although the failure to conduct a meet and confer is the basis for denying Defendant's motions, based on these motions and previous briefing in this case, it seems the meet and confer

did not happen because *Plaintiff* has decided she no longer wishes to engage in any meet and confer efforts. The court previously warned Plaintiff that "continued failure to participate in the meet and confer process may lead to sanctions, including those under LR IA 11-8 in addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law for a party's failure to comply with the meet-and-confer requirement. LR IA 1-3(f)(3)." (ECF No. 204.) Although the court gives some latitude to pro se litigants, Plaintiff is exhibiting a pattern of failing to follow the court's Local Rules and the Rules of Civil Procedure despite repeated warnings that she must comply with the rules. The court will therefore issue yet another warning: although proceeding *pro se*, Plaintiff <u>must</u> comply with the rules. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

Turning to Plaintiff's notice of deposition, this filing is improper for many reasons. First and foremost, per the Local Rules, "deposition notices and deposition transcripts must not be filed with the court until they are used in the proceeding, unless the court orders otherwise." LR 26-7. The court has not ordered otherwise and thus will strike the deposition notice from the docket. LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

Further, Plaintiff's notice of deposition is also improper under Federal Rule of Civil Procedure. Per Rule 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Thus, unless otherwise agreed to by the parties or ordered by the court, a deposition may only occur during one calendar day and may last up to seven hours. Requesting a deposition spanning four calendar days is improper.

Thus, for the reasons above, Defendant's motions for protective order and to shorten briefing are denied and Plaintiff's deposition notice is stricken. If Plaintiff seeks to take

Defendant's deposition, she must issue a proper notice of deposition that complies with the court's Local Rules and the Federal Rules of Civil Procedure. The parties are encouraged to meet and confer to attempt to resolve any issues relating to Defendant's deposition without further court intervention. Plaintiff has been repeatedly cautioned that continued failure to comply with the court's Local Rules and the Rules of Civil Procedure may result in sanctions and is now cautioned that failure to comply with meet and confer requirements will result in sanctions.

**IT IS THEREFORE ORDERED** that Defendant's motion for protective order (ECF No. 197) and motion to shorten briefing (ECF No. 198) are **DENIED** without prejudice and with leave to refile.

**IT IS FURTHER ORDERED** that Plaintiff's notice of deposition (ECF No. 190) be **STRICKEN** from the docket.

**IT IS SO ORDERED**.

Dated: May 21, 2025

_____
Craig S. Denney
United States Magistrate Judge