UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| FEI FEI FAN,<br><br>                            Plaintiff,<br>      v.<br><br>YAN YAO JIANG,<br><br>                            Defendant. | Case No. 3:21-cv-00458-MMD-CSD<br><br>ORDER |

**I.     SUMMARY**

Plaintiff Fei Fei Fan asserts claims arising from alleged conduct of Defendant Yan Yao Jiang during the course of their relationship where Defendant at one point had "direct academic authority over" Plaintiff's "teaching, research, and institutional advancement." (ECF No. 240 at 3.) Before the Court are three motions: (1) Plaintiff's motion for partial summary judgment on her forced labor claim (ECF No. 242 ("Plaintiff's Motion"))[1]; (2) Defendant's motion to strike the First Amended Complaint (ECF No. 248 ("Motion to Strike"))[2]; and (3) Defendant's motion for summary judgment (ECF No. 251 ("Defendant's Motion")).[3] For the reasons discussed herein, the Court denies Plaintiff's Motion, denies Defendant's Motion, and grants in part and denies in part Defendant's Motion to Strike.

**II.    BACKGROUND**

Following remand from the United States Court of Appeals for the Ninth Circuit, Plaintiff was allowed to pursue a "forced labor claim under 18 U.S.C. § 1589(a)(4) for the 2015-2019 period" and related state-law claims. (ECF No. 125 at 3-5; ECF No. 130.) The

---

[1]Defendant filed a response (ECF No. 250) and Plaintiff replied (ECF No. 254).

[2]Plaintiff filed a response (ECF No. 249) and Defendant replied (ECF No. 253).

[3]Plaintiff filed a response (ECF No. 258) and Defendant replied (ECF No. 259), The Court denies Plaintiff' motion to file a limited sur-reply (ECF No. 261) because the Court finds a sur-reply to be unnecessary.

Court subsequently mostly granted Defendant's motion for judgment on the pleadings, but granted leave for Plaintiff to amend the following claims based on application of various statute of limitation periods: (1) forced labor claim under 18 U.S.C. § 1589(a)(4) based on conduct that occurred on or after October 25, 2011; (2) sex trafficking claim under Nevada law based on conduct that occurred on October 25, 2015, or later; (3) state law involuntary servitude claim based on conduct that occurred on October 25, 2018, or later; (4) state law claim for intentional infliction of emotional distress based on conduct that occurred on October 25, 2019, or later, and may not be based on Defendant sending a cease-and-desist letter or applying for a Protection Order; and (5) state law claim for defamation based on conduct starting in August 2020 that is not barred by the litigation privilege.[4] (ECF No. 227 at 3-10.)

Plaintiff filed a First Amended Complaint. (ECF No. 240 ("FAC").) The FAC groups allegations of Defendant's conduct around two time periods: January through July 2015, described as Defendant's alleged recruitment and "onset of sex exploitation"; and July 2015 through December 2019, when Plaintiff alleges Defendant engaged in a pattern of exploitation and subjected Plaintiff to "nonconsensual sexual acts resulting from coercion and abuse of power." (*Id.* at 2-6.) Plaintiff also alleges harm that she suffered as a result of Defendant's conduct between July 2015 and December 2019, and between January 2020 and September 2020, when Defendant purportedly escalated psychological pressure after Plaintiff disclosed Defendant's sexual acts to Defendant's wife. (*Id.* at 6-8.) Plaintiff further alleges harm since that time. (*Id.* at 8-9.) The FAC alleges four claims for relief: forced labor under 18 U.S.C. § 1589(a)(4); involuntary servitude under NRS § 200.463; sex trafficking under NRS § 201.300; and intentional infliction of emotional distress. (*Id.* at 9-17.)

In the meantime, discovery closed on June 11, 2025. (ECF No. 142.) On July 9, 2025, Plaintiff moved to extend the deadline to file dispositive motions, noting that

---

[4]Discovery closed on June 11, 2025. (ECF No. 142.)

discovery "is complete." (ECF No. 230.) The Court granted the motion, extending the dispositive motion deadline to July 30, 2025. (ECF No. 231.) As noted, the parties then filed their pending motions.

## III.   DISCUSSION

The Court addresses the parties' motions in the order they were filed. Because the parties in their separate motions—Plaintiff's Motion and Defendant's Motion—raise numerous issues in support of their motion or in opposition, the Court only addresses the arguments that are dispositive of the issues raised.[5] The Court first reminds the parties of the standard governing summary judgment.[6]

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718

---

[5]For example, Plaintiff's Motion seeks summary judgment on liability as to her first claim for relief, not determination of damages. (ECF No. 242 at 10.) In response, Defendant goes on at length about how Plaintiff has not shown and is not entitled to damages. (ECF No. 250 at 11-17.)

[6]This is in part to address Plaintiff's contention that Defendant's Motion is "procedurally improper." (ECF No. 258 at 4.) The Court's denial of Defendant's motions for summary judgment was because they were based a prior complaint and moot by Plaintiff's filing of the FAC. (ECF No. 244.) The Court did not determine that Defendant would be foreclosed from moving for summary judgment under Rule 56.

F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

### A.   Plaintiff's Motion

Plaintiff seeks summary judgment on her forced labor claim under 18 U.S.C. § 1589(a)(4), arguing that she has established all required elements to support finding of liability on this claim. (ECF No. 242.) Defendant counters that at minimum, genuine issues of material fact exist for each of the elements of the claim and suggests summary judgment should be entered in Defendant's favor as will be argued in their motion. (ECF No. 250 at 3-4.) The Court agrees with Defendant that at a minimum, genuine issues of material facts exist as to the scienter element to preclude summary judgment. (*Id.* at 4-9.)

Section 1589(a)(4) provides, in pertinent part, that

> Whoever knowingly provides or obtains the labor or services of a person by . . .
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589(a)(4).[7] As the Ninth Circuit has noted, "the scope of the statute is narrowed by the requirement of *scienter*. . . . [Defendant] intended to cause the victim to

---

[7]Section 1589 is a criminal statute and subsection (d) provides that punishment for anyone who violates the statue "shall be fined . . . imprisoned, . . . or both." 18 U.S.C. § 1589(d). The parties presented the elements in different order. (ECF No. 242 at 6-10; ECF No. 250 at 3.) The Ninth Circuit's Manual of Model Criminal Jury Instruction provides, in pertinent part, the following model jury instruction for section 1589(a):

> First, the defendant [provided] [obtained] the labor or services of another person; and
> Second, that the defendant did so through at least one of the following prohibited means:
>     a.   force, threat of force, physical restraint, or threats of physical restraint to that person or another person;
>     b.   serious harm or threats of serious harm to that person;
>     c.   the abuse or threatened abuse of law or legal process; or

believe that she would suffer serious harm." *United States v. Dann,* 652 F.3d 1160, 1170 (9th Cir. 2011.) "The scienter element requires proof that the defendant knew (1) that the enumerated 'circumstance existed' and (2) that the defendant was obtaining the labor in question as a result." *Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1156 (9th Cir. 2022) (citation omitted).

Plaintiff primarily relies on Defendant's authority—that from 2015 to 2019 Defendant "acted as Plaintiff's assigned mentor and voting tenure evaluator"—and how Defendant "leveraged Plaintiff's professional and immigration dependency to extract nonconsensual labor and sexual services" to argue that she has satisfied the scienter element. (ECF No. 242 at 6-7.) Even accepting Plaintiff's assertion that Defendant was her assigned mentor and had a vote as to her tenure and employment, the record does not undisputedly show that Defendant intended for Plaintiff to believe, through leveraging his authority, that she would suffer serious harm. Drawing all reasonable inferences in Defendant's favor, a rational trier of fact could find that Defendant did not intend to cause Plaintiff to believe she would suffer serious harm. *See Kaiser Cement Corp.* 793 F.2d at 1103. For this reason, the Court denies Plaintiff's Motion.

**B.    Defendant's Motion to Strike**

Defendant argues that the Court should strike allegations in the FAC as they pertain to alleged damages because they exceed the scope of the Court's order granting leave to amend. (ECF No. 248.) Plaintiff counters that Defendant's motion is improper under Rule 12(f) because Defendant answered the FAC, the new allegations are within the scope of the claims the Court permitted leave to amend, and Defendant cannot show prejudice. (ECF No. 249.) The Court agrees with Defendant except as to one paragraph in the FAC.

---

d.    a scheme, plan or pattern intended to cause the person to believe that if that person did not perform such labor or services that person or another person would suffer serious harm or physical restraint; and
Third, that the defendant acted knowingly.

Model Crim. Jury Instr. 9th Cir. 24.27 (2026).

5

The order granting leave to amend directs Plaintiff to cure deficiencies in the pleadings as to Defendant's alleged conduct based on the application of the various statute of limitation periods, not to add additional allegations relating to alleged trauma and harm. (ECF No. 227 at 3-10.) So, the amendment adding new allegations as to "psychological harm and trauma" is not within the scope of the Court's order, other than allegations in paragraph 131 as to the forced labor claim. Moreover, Defendant has demonstrated prejudice because Defendant cannot seek further discovery as to the alleged harm that was not included in the original complaint. (ECF No. 248 at 4.)

Accordingly, the Court grants Defendant's Motion to Strike in part and denies it in part. The Motion to Strike is granted and allegations in the following paragraphs of the FAC will be deemed stricken: 72-83, 106-121, and 163-164. Defendant's Motion to Strike is denied as to paragraph 131 of the FAC.

## C.     Defendant's Motion

Defendant's Motion seeks summary judgment on Plaintiff's claims under Rule 56 and summary judgment on damages, arguing for exclusion of evidence of damages as sanctions under Rule 37, which would preclude Plaintiff from establishing an essential element of each of her claims. (ECF No. 251 at 20-25.) The Court denies the latter request, which as Plaintiff argues, is essentially a motion in limine to exclude evidence of damages as sanctions under Rule 37. (ECF No. 258 at 9-10.) Defendant's Motion contains separate requests for relief which must be filed as separate motions. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.") Moreover, motions in limine are subject to LR 16-3(a). Thus, the Court does not consider Defendant's arguments premised on his request to exclude evidence of damages. But denial is without prejudice to Defendant raising the request in a proper motion in limine.

Plaintiff's claims are premised on her allegations that Defendant sexually exploited her between 2015 and December 2019 and that Defendant "orchestrated a sustained course of conduct designed to entrench Plaintiff's institutional dependence and erode her

6

autonomy." (ECF No. 240 at 2-6, 10.)  Defendant's Motion does not directly confront Plaintiff's testimony that Defendant sexually exploited her from 2015 to December 2019.[8] (ECF No. 251 at 122, 138, 140-146.) Defendant, however, repeatedly argues that on summary judgment, Plaintiff "must point to evidence—other than her uncorroborated, self-serving testimony." (ECF No. 251 at 11; at 11-12 ("While Fan speculated Jiang could have influenced others to deny her tenure under an alleged 'traditional rule,' she identified no evidence—beyond her uncorroborated, self-serving testimony—that Jiang ever attempted it");  at 14 ("Without corroborating evidence—emails, memos, or institutional records—tying Jiang's conduct to a threat of serious harm within the actionable time, her self-serving testimony does not and cannot raise a genuine dispute of material fact"); at 16 ("Fan's post hoc characterization of it as 'sexual coercion' is uncorroborated and self-serving").) Defendant cites to *Villiarimo v. Aloha Island Air,* 281 F.3d 1054, 1061 (9th Cir. 2002) as support for the proposition that "uncorroborated self-serving" testimony cannot create a genuine issue of material fact. (ECF No. 251 at 7.) But that general proposition does not necessarily apply to Plaintiff's allegation about sexual coercion or that Defendant intended to cause her to believe that she would suffer serious harm if she withheld sex because the sexual relation may be known only to Plaintiff and Defendant, and Defendant's intent and Plaintiff's belief may only be inferred from the evidence.[9] Indeed, as the Ninth Circuit has observed in considering a self-serving affidavit, "[t]hat an affidavit is selfserving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact." *S.E.C. v. Phan*, 500 F.3d 895, 910 (9th Cir. 2007)

---

[8]Defendant contended the parties had consensual sex. (ECF Nos. 251 at 18, 263.)

[9]For example, Defendant argues that Plaintiff "points to no corroborating evidence that any nonconsensual sex occurred" in the narrowed time frame between November and December 2019 in support of her claim for intentional infliction of emotional distress claim. (ECF No. 251 at 17-18.) However, Plaintiff testified Defendant's conduct was "sexual exploitation," not consensual sex. (*Id.*  at 122.) The evidence Defendant recited about the absence of evidence to prove Defendant made any threats or that Plaintiff experienced contemporaneous emotional distress from "secrecy-based threats" (*id.* at 18-19) all go to the weight of the evidence and Plaintiff's credibility. But these are issues that must be left to the jury. *See Aydin Corp.,* 718 F.2d at 902.

(internal quotation marks and citation omitted) (stating that an uncorroborated and self-serving declaration is one that includes facts beyond declarant's personal knowledge and provides no indication as to how declarant knows the facts to be true). The court goes on to note that "[o]nly in certain instances—such as when a declaration 'states only conclusions, and not such facts as would be admissible in evidence'—can a court disregard a selfserving declaration for purposes of summary judgment." *Id*. (cleaned up).

Here, the Court cannot disregard Plaintiff's testimony about Defendant's alleged sexual exploitation and her ending the sexual relationship in December 2019 mostly because her green card had been approved and she was no longer vulnerable. (ECF No. 251 at 141-146, 158.)  As Plaintiff argues in response to Defendant's Motion, Defendant "simultaneously served as Plaintiff's mentor and a voting tenure evaluator while maintaining a concealed sexual relationship" and his "overlapping roles gave him unilateral influence over Plaintiff's career trajectory and visa-depending employment." (ECF No. 258 at 6.) And as Plaintiff reiterated, Defendant's "support was critical to Plaintiff's visa eligibility and tenure projects . . . causing Plaintiff to reasonably believe that disclosure or refusal would trigger retaliation and end her career." (*Id.* at 7.) Drawing all reasonable inferences in Plaintiff's favor as the non-moving party, a rational jury could reasonably find that Plaintiff was forced to have sex with Defendant and that the relationship dynamics between the parties, as Plaintiff alleged, was such that Defendant intended to cause Plaintiff to believe she would suffer serious harm if she withheld sex. This conclusion affects all of Plaintiff's claims such that summary judgment is not appropriate on any of the claims.

Defendant raised several arguments that go to Plaintiff's credibility and the weight of the evidence, which the Court cannot resolve on summary judgment. First, Defendant argues that based on Plaintiff's testimony, the sexual relationship ended in December 2019 but her tenure review did not start until 2020 so "chronologically, the alleged threat to tenure could not have motivated sexual conduct that had already ceased." (ECF No. 251 at 12.) That is one possible inference, but another inference that could reasonably

be drawn is that it was because of the sexual relation that the tenure review occurred, or at least that Defendant intended for Plaintiff to reasonably believe as much, which led to the sexual relationship and Plaintiff's fear of its disclosure. In other words, the end of the sexual relationship before Plaintiff's tenure review could result in multiple reasonable inferences.

Second, Defendant argues that there is no evidence that he helped Plaintiff with her visa conditioned on sex, and that during the relevant time frame between 2015 and 2019 when Plaintiff was at the University of Nevada, Defendant was not her employer or her visa sponsor. (ECF No. 151 at 13.) However, Plaintiff testified as to her fear that Defendant could damage her reputation and privacy, affecting her career and professional development. (ECF No. 251 at 125.) She also testified she ended the sexual relationship "mainly because [she] got her green card" and she was "going to get [her] green card approved, so [she] was not in a vulnerable position." (*Id.* at 158.) Again, viewing this evidence in the light most favorable to Plaintiff and drawing all inferences in her favor, including the parties' lengthy relationship, a rational trier of fact could find that Defendant had intended to cause Plaintiff to believe she would suffer serious harm if she withheld sex.

In sum, the Court finds that genuine issues of material fact preclude summary judgment in favor of Defendant. For this reason, the Court denies the Motion as it relates to summary judgment.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for partial summary judgment (ECF No. 242) is denied.

It is further ordered that Defendant's motion to strike (ECF No. 248) is granted in part and denied in part. It is granted as to the following paragraphs of the FAC which will be deemed stricken: 72-83, 106-121, and 163-164. It is denied as to paragraph 131 of the FAC.

It is further ordered that Defendant's motion for summary judgment (ECF No. 251) is denied. Denial of Defendant's motion as it relates to exclusion of evidence of damage is without prejudice to Defendant properly raising it as a motion in limine.

It is further ordered that Plaintiff' motion to file limited sur-reply (ECF No. 261) is denied.

It is further ordered that this case is referred to the Magistrate Judge to conduct a settlement conference. The proposed joint pretrial order is due within 30 days from the settlement conference if settlement is not effectuated.

DATED THIS 13th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE