# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FEI FEI FAN,

    Plaintiff

v.

YAN YAO JIANG, and WEI WU.,

    Defendants

Case No.: 3:21-cv-00458-MMD-CSD

**Order**

Before the court is a motion to seal filed by non-party Zhi Zeng. (ECF No. 262.) Mr. Zeng asks that part of his deposition transcript be sealed as "highly personal, sexually explicit, and irrelevant." (*Id.* at 1.)

The Ninth Circuit recognizes a strong presumption of public access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Generally, a party must provide "sufficiently compelling reasons" that override the public's interest in access to court documents to overcome this presumption, and the court must balance the interests of the public against the interests of the party who seeks sealing. *Id.* at 1178-79. However, for "good cause," a court may issue a protective order, including the sealing of a deposition, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Good cause "requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). "[I]n determining whether to protect discovery materials from disclosure under Rule 26(c), a court must not only consider whether the party seeking protection

has shown particularized harm, and whether the balance of public and private interests weighs in favor, but also keep in mind the possibility of redacting sensitive material." *Id.* at 425. As the Ninth Circuit has explained:

> Rule 26(c) and § 107(b), as we have interpreted them, require courts to use care in determining when documents containing sensitive information affecting a person's privacy interests can be made public over that person's objections. A court must implement the procedure for making such a determination even more carefully when the person objecting to the disclosure was not a party to the proceeding and had limited notice (and, thus, little or no ability to negotiate privacy issues or to challenge the damaging information). Although the public's right of access to documents produced in litigation is long established and has been given great weight from the time of the equity courts in England, courts have likewise given serious consideration to privacy interests of those involved.

*Id.* at 433.

First, Mr. Zeng's deposition contains his date of birth, which should have been redacted pursuant to LR IC 6-1(a)(3). (*See* ECF No. 89-16 at 4; ECF No. 251 at 371.) On that basis alone, the deposition must be sealed and re-filed with the date of birth redacted.

Second, the questions put to Mr. Zeng at pages 19 and 20 of his deposition are of a sexual nature, no party has opposed Mr. Zeng's request to seal this portion of his deposition, and Mr. Zeng's motion makes clear that he has a considerable interest in his privacy that outweighs the public's interest in accessing those questions and his responses thereto. Accordingly, pursuant to Rule 26(c)(1), the court finds good cause to grant Mr. Zeng a protective order that requires redacting the questions and responses given at page 19 and in the first four lines of page 20 of his deposition.

## CONCLUSION

Accordingly, the motion to seal filed by Mr. Zeng (ECF No. 262) is **GRANTED**.

2

The Clerk of Court is directed to **SEAL** ECF No. 89-16 and ECF No. 251.[1]

Counsel for Defendant Wu shall **RE-FILE**, not under seal, ECF No. 251 – the motion for summary judgment and all exhibits – redacting from Mr. Zeng's deposition: (1) his date of birth on page 9; (2) all lines of page 19, and (3) lines 1-4 of page 20. The re-filing should be designated "Notice of Corrected Image" and linked to the original motion for summary judgment. Counsel shall also re-file ECF No. 89-16 – Mr. Zeng's deposition -- in the same manner. Both documents shall be re-filed, not under seal and with the appropriate redactions, on or before April 13, 2026.

**IT IS SO ORDERED**.

Dated: March 30, 2026

_____
Craig S. Denney
United States Magistrate Judge

---

[1] Defendant Wu's motion for summary judgment and exhibits were filed together as one single document, instead of, as required, separate files, LR IC 2-2(a)(3)(A), so the court is not able to seal only the deposition exhibit to the motion for summary judgment.